## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| KRANOS CORPORATION, et al., | : | Case No. 20-13144 (BLS) |
| | : | |
| Debtor. | : | |

--------------------------------------------------------

| | | |
|---|---|---|
| ROBERT ERB, | : | Adv. Proc. No. _____ |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KRANOS CORPORATION | : | |
| IN CARE OF ITS CHAPTER 7 TRUSTEE, | : | |
| NIPPON SIGMAX CO., LTD, a Japanese | : | |
| corporation, and SIGMAX AMERICA, Inc., | : | |
| a California corporation, | : | |
| | : | |
| Defendants. | : | |

### COMPLAINT OF ROBERT ERB, FORMER CEO OF THE DEBTOR, FOR INJUNCTIVE AND DECLARATORY RELIEF EXTENDING AND APPLYING TO HIM THE AUTOMATIC STAY

Robert Erb ("Erb") incorporates the statements contained in the Affidavit of Robert Erb (the "Erb Affidavit", Exhibit A hereto), filed contemporaneously with this complaint, and further avers as follows:

### Introduction

1.      Erb is filing this adversary proceeding to preserve the status quo and prevent the plaintiffs (the "Plaintiffs") in the litigation captioned Nippon Sigmax Co. Ltd., et al. v. Kranos Corporation Inc. d/b/a Schutt Sports, et al., Case No. 8:21-cv-00375-DOC (the "Action"), pending in the United States District Court for the Central District of California (the

"District Court") from continuing the Action as to Erb.[1]  Accordingly, through this adversary proceeding Erb seeks, pursuant to sections 105 and 362 of the Bankruptcy Code, entry of an order prohibiting the Plaintiffs from continuing the Action against Erb.

2.      Specifically, Erb seeks the following: (i) an injunction prohibiting the Plaintiffs from continuing to prosecute the Action against him while the Debtor's bankruptcy case remains pending; and/or (ii) a declaration that, while the Debtor's bankruptcy case remains pending, the continuation of the Action against Erb constitutes a violation of section 362's automatic stay.

3.      Contemporaneously with the filing of this complaint, Erb is also filing a combined motion and memorandum of law (the "Motion"), which requests the relief sought in this proceeding.

### Jurisdiction and Venue

4.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (G).

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1409.

### Basis for Relief

6.      The statutory bases for the relief requested herein are sections 105(a) and 362(a) of the Bankruptcy Code.

7.      Erb has commenced this adversary proceeding in accordance with Bankruptcy Rule 7001(7) and (9).

8.      No prior request for the relief requested herein has been made to this or any other court.

---

[1] Pursuant to local rules, Mr. Erb consents to this Court's entry of a final order addressing this matter.

**Parties**

9.       Plaintiffs are a Japanese company and a California Company.  They can be served via the law firm of Fortis LLP, 650 Town Center Drive, Suite 1530, Costa Mesa, California 92626 and via Mary Caloway, Esq., Pachulski Stang Ziehl & Jones, at 919 Market Street, 17th Floor, Wilmington DE 19801.  Erb is a resident of the state of New York.  He can  be served via the undersigned and via Michael Forman, Esq. of Rosen Saba, located at 9350 Wilshire Boulevard, Suite 250 Beverly Hills, California 90212.

**Background**

10.      On 12/18/20 (the "Petition Date"), the Debtor commenced a case by filing a voluntary petition for relief under chapter 7 of the Bankruptcy Code.  A Chapter 7 Trustee was appointed in due course.  The Action was originally filed on 12/4/20, shortly pre-petition.   Both of the corporate Plaintiffs are suing Erb personally in the Action.  Collectively, the defendants named in Action are the Debtor, Erb and John Does 1-50.

11.      Plaintiffs filed a sprawling, 17-Count Complaint to commence the Action. Perusing the Complaint, the heart of the matter is that the Debtor - acting in whole or in part through CEO Erb - ordered goods from the Plaintiffs, breached one or more written contracts in failing to pay for them, then filed for corporate bankruptcy here in Delaware.  Plaintiffs stretch this factual tarp to very near its fraying point, suggesting that these (fairly straightforward) claims show not only breach but 15 additional and distinct Counts:  fraud in multiple legal types, conversion, unfair competition, false advertising, unfair business practices, and even multiple violations of intellectual property laws.  They variously target the Debtor, Erb and unidentified "John Does 1-50".

12.     5 Counts of the 17-Count complaint actually seek a judgment against Mr. Erb personally.  These are Counts III and IV (Fraud-Intentional Misrepresentation - both are the same count just each filed by a different Plaintiff); V and VI (Fraud - Promise Without Intention to Perform - again both are the same count just each filed by a different Plaintiff); and XVI (Unfair Business Practices under California Code - this count is filed by both Plaintiffs).  These are all state law claims with no separate existence in the Bankruptcy Code.

13.     The Plaintiffs' apparent plan now is this:  while they recognize the Debtor has the benefit of the automatic stay, Erb (so far) does not, so they will proceed against him personally in the Action while leaving the Debtor (for now) 'on the sidelines'.  But if Erb is forced to continue defending the Action, as set out below, valuable resources will be diverted from the Trustee's bankruptcy-related efforts at a time when, particularly given the status of this case, the estate cannot afford it.

14.     Forcing Erb to defend the Action without the Debtor – which means to say the Trustee - also exposes the estate to very real legal and practical risks, such as the risk of collateral estoppel, res judicata, respondeat-superior liability for the conduct of its employees, and the development of a tainted record for use in the Action and perhaps in other actions involving the Debtor, its former executives and employees, its insurance carriers, etc.

15.     In addition, the Debtor has indemnification obligations to its former and current officers and directors pursuant to its corporate by-laws, and this certainly includes Erb. Thus, Erb is entitled to indemnification, with the effect that a judgment against Erb is essentially a judgment against the Debtor.

16.     This complaint accordingly seeks to extend and/or apply the automatic stay that accompanies the Debtor's bankruptcy filing to Erb in the Action.

**<u>Relief Requested</u>**

17.    The relief sought by this adversary proceeding—extending and applying the automatic stay to the Action with respect to Erb—is necessary to preserve the Trustee's prospects of successfully implementing the bankruptcy strategy in chapter 7, to protect the integrity of the automatic stay, and to prevent prejudice to Erb and to the Debtor's estate.

18.    To guard against the irreparable harm the Debtor would suffer if  the Action is allowed to proceed against Erb during the Debtor's bankruptcy proceeding,  Erb seeks: (i) an injunction, per Bankruptcy Rule 7001(7), prohibiting the Plaintiffs from continuing the Action with respect to Erb while the bankruptcy case remains pending; and/or (ii) a declaration that, per Bankruptcy Rule 7001(9), while the Debtor's bankruptcy case remains pending, the continuation of the Action against Erb constitutes a violation of section 362's automatic stay.

**Count I: Injunctive Relief, Pursuant to
<u>Sections 105 and 362 of the Bankruptcy Code</u>**

19.    Erb incorporates by reference paragraphs 1 through 18 as if fully set forth herein.

20.    Section 105(a) of the Bankruptcy Code authorizes and empowers this Court to issue any orders that will further the purposes and goals of the Bankruptcy Code, assist in the orderly and effective administration of the Debtor's bankruptcy case, aid in the preservation of the assets of the Debtor's estate, and aid a viable chapter 7 case that maximizes value for all stakeholders.  Section 362 of the Bankruptcy Code is well known for imposing an automatic stay on, among other things, any person or entity seeking to pursue a claim that arose pre-petition against a bankrupt debtor, as is the case here.

22.    But pursuant to sections 362 and 105(a) of the Bankruptcy Code, and under a wealth of case law, this Court may also enjoin creditor actions against third parties where

necessary to prevent an adverse impact on the Debtor's estate or to assure the orderly administration of the Debtor's chapter 7 estate and proceeding.

23.     The issuance of an injunction is appropriate to prohibit the Plaintiffs from continuing to prosecute the Action against Erb while the Debtor's bankruptcy case remains pending, and it is necessary to protect the Trustee's ability to efficiently maximize value for the benefit of all stakeholders.

24.     Erb is substantially likely to prevail on the merits of this complaint. The injunctive relief sought by Erb is necessary to permit the Trustee an unobstructed opportunity to effectuate his bankruptcy strategy of maximizing value and recoveries for stakeholders.

25.     At this early stage, there is also the likelihood that the Trustee's bankruptcy strategy will succeed in maximizing recoveries for stakeholders. This factor, along with the early stage of this case, suggest that there is a likelihood of success on the merits.

26.     Allowing the Plaintiffs to continue the Action against Erb during the pendency of the Debtor's bankruptcy would result in irreparable harm to the estate because: (a) findings and judgments in the Action against Erb would likely bind the Debtor under the doctrines of *res judicata* / claims preclusion, collateral estoppel and/or respondeat superior (there may be other similar doctrines that threaten the estate); (b) the Debtor has a clear obligation to fully indemnify Erb for any and all liability he might incur in or based on the Action; (c) statements, testimony, and other evidence generated in the Action against Erb could and very likely would be used to establish the Debtor's own liability, either in the bankruptcy or in future or other litigation; and (d) because of (a), (b) and (c), the Trustee would thus be forced to actively participate in the Action, both through witnesses and as a de facto party.  Additionally, the estate suffers the real risk of "record taint", such that if the matter proceeds against Erb a

record – eventually a long record – would be established setting out reasons why the Debtor is allegedly liable, with no opportunity for the Trustee to develop a counter-record.  For these reasons, the continuation of the Action against Erb (without the Debtor's involvement) would irreparably harm the estate, compromise the integrity of the automatic stay, and prejudice the Trustee's ability to successfully defend against Plaintiffs' claims and thereby better administer the estate.

27.    The likelihood of irreparable harm to the estate in the absence of injunctive relief far outweighs any harm that the Plaintiffs could plausibly suffer due to a preliminary injunction.  Any delay in obtaining recovery may not be significant given the accelerated and compressed timeframe of the Trustee's proposed bankruptcy strategy.

28.    The injunctive relief requested herein will serve the public interest by promoting compliance with the Congressional purposes underlying the automatic stay, and encouraging a successful outcome in this bankruptcy case.  Granting the requested relief will also prevent certain creditors from pursuing recoveries to the prejudice of other creditors.

29.    Given these competing interests, an injunction barring the Plaintiffs from continuing the Action against Erb while the Debtor's bankruptcy case remains pending is appropriate and essential to the orderly and effective administration of the Debtor's estate. Accordingly, good cause exists for the entry of injunctive relief pursuant to sections 105(a) and 362(a) of the Bankruptcy Code and Bankruptcy Rule 7065.

**WHEREFORE**, Erb respectfully requests that this Court: (i) after notice and a hearing, issue an injunction, per Bankruptcy Rule 7001(7), prohibiting the continuation of the Action against him while the Debtor's bankruptcy case remains pending, pursuant to sections

105 and 362 of the Bankruptcy Code; and (ii) grant such other and further relief as the Court may deem proper.

**Count II: Declaratory Relief Pursuant to Section 362 of the Bankruptcy Code**

30.    Erb incorporates by reference paragraphs 1 through 29 as if fully set forth herein.

31.    Upon the filing of a bankruptcy petition, section 362(a) of the Bankruptcy Code operates automatically to stay, among other actions, "the commencement or continuation . . . of a . . . proceeding against the debtor . . . or to recover a claim against the debtor." 11 U.S.C. § 362(a)(1).

32.    Applying or extending the automatic stay to the the Action against Erb while the Debtor's bankruptcy case remains pending is warranted here.  That is because Plaintiffs' actions or claims against him are inextricably intertwined with the pursuit of the Action against the Debtor, and hence constitute actions that are "against the debtor" or that seek "to recover a claim against the debtor" within the meaning of section 362(a)(1) of the Bankruptcy Code.

33.    A fair reading of the Complaint, and most specifically paragraphs 23-33 thereof, shows how Plaintiff's claims wind-up and bind-up the acts and omissions of the Debtor and Erb personally in a tight ball, one that will be quite difficult to break apart.  Furthermore, as discussed in the memorandum of law filed contemporaneously herewith, the nature of the Debtor's and Erb's purported liability for such claims also makes the Debtor the real-party defendant in the Action, a circumstance that likewise warrants application or extension of the automatic stay.

**WHEREFORE**, Erb respectfully requests that this Court: (i) after notice and a hearing, enter a declaratory judgment, per Bankruptcy Rule 7001(9), stating that the continuation of the Action against him while the Debtor's bankruptcy case remains pending violates the automatic stay imposed by section 362(a)(1) of the Bankruptcy Code; and (ii) grant such other and further relief as the Court may deem proper.

Respectfully submitted,

Date:  July 7, 2021
      Wilmington, Delaware

By:  */s/ James E. Huggett*
    James E. Huggett (DE Bar 3956)

MARGOLIS EDELSTEIN
300 Delaware Avenue
Suite 800
Wilmington, DE 19801

*Counsel to Robert Erb, the Plaintiff in this Adversary Proceeding (he is also a co-Defendant in the underlying Action in California)*