# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br> KRANOS CORPORATION, <br>                          Debtor. | Chapter 7 <br> Case No. 20-13144 (BLS) |
| ROBERT ERB, <br>                       Plaintiff, <br> v. <br><br> KRANOS CORPORATION IN CARE OF ITS CHAPTER 7 TRUSTEE, NIPPON SIGMAX CO., LTD, a Japanese corporation, and SIGMAX AMERICA, Inc., a California corporation, <br><br>                   Defendants. | Adv. Proc. Case No. 21-50997 (BLS) |

**DECLARATION OF ERIC J. HARDEMAN IN SUPPORT OF OBJECTION TO MOTION TO EXTEND AUTOMATIC STAY AND FOR PRELIMINARY INJUNCTION**

I, Eric J. Hardeman, Esq., hereby declare as follows:

1. I am a partner at Fortis, LLP, one of the attorneys of record for Creditors/Defendants Nippon Sigmax Co. Ltd and Sigmax America, Inc. (collectively the "Sigmax Entities") admitted *pro hac vice* in both the Chapter 7 proceedings filed by Kranos Corporation ("Kranos") and the adversary action filed by Robert Erb ("Erb"). I am licensed to practice law in California, I am a member of good standing of the State Bar of California, and I am licensed to practice law in all State and Federal Courts within the State of California. I have personal knowledge of the following facts, and if called upon to testify, I would and could testify thereto.

2. I am also counsel of record and lead trial counsel for the Sigmax Entities in the action pending in the Central District of California entitled *Nippon Sigmax Co., Ltd. et al. v. Kranos Corporation et al.,* U.S.D.C. Case No. 8:21-cv-00375 (the "California Action"). The only claims alleged against Erb in the California action are claims for Erb's *own* fraudulent misrepresentations and false promises and violations of California's unfair competition law as codified in California Business & Professions Code §§ 17200 *et seq.* predicated on that fraud. The claims proposed to be asserted against Erb in the forthcoming First Amended Complaint the Sigmax Entities are seeking relief from stay to file will be the same—i.e., Erb's personal liability for his own tortious conduct. There are no *alter ego* allegations alleged against Erb as being the

1

*alter ego* of Kranos, nor of Kranos being the *alter ego* of Erb. The California Action has also been set for trial on March 29, 2022 following a Rule 16(b) scheduling conference that took place on July 13, 2021. The Sigmax Entities have propounded written discovery to Erb in the California Action and Erb has propounded written discovery to the Sigmax Entities. California Action is therefore well under way. Significantly, the Sigmax Entities have not propounded any discovery to the Trustee in the California Action, nor would the Trustee's involvement be necessary, as Kranos and/or Erb presumably both retain access and have taken all appropriate steps to preserve any business records and other electronically stored information that the Sigmax Entities have requested Erb to produce in discovery.

3. Significantly, Erb already made the identical argument in the California Action as he his making in his present Motion (i.e., that the claims against him violate the automatic stay) via a Motion to Stay filed in the California Action. However, the court in the California Action the declined to stay the California Action. A true and correct copy of the court's order denying Erb's Motion to Stay in the California Action is attached hereto as Exhibit "1."

4. The initial meeting of creditors took place on January 19, 2021. During that meeting, Kranos' Chief Restructuring Officer, Brandon Fosbinder ("Fosbinder"), testified that Kranos had no assets other than inventory belonging to Plaintiffs (the "Sigmax Inventory") and an unexpired commercial lease (the "Lease") that was listed in Kranos's original petition. Fosbinder also testified that Kranos was non-operational.

5. In point of fact, Kranos also cannot be an operating entity. On or about December 4, 2020, and shortly before it filed its Chapter 7 petition, the majority of Kranos' assets (save for the Sigmax Inventory listed in the Chapter 7 petition) were all transferred to a mezzanine creditor, Innovatus Capital Partners, LLC. A true and correct copy of the agreement entitled "Partial Strict Foreclosure Agreement" effectuating this transfer is attached hereto as Exhibit "2."

6. Kranos' representatives have also publically stated that "[t]he assets of Kranos Corporation were assigned to Certor Sports, LLC." A true and correct copy of an interview transcript containing these statements by Kranos general manager Kip Meyer is attached hereto

as Exhibit "3," and is independently available at the following web address from which I obtained this interview and created a PDF therefrom on July 21, 2021: https://www.nsga.org/news/news-releases/industry-news-archives/schutt-qa-kip-meyer

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on July 21, 2021, at Costa Mesa, California.

*/s/ Eric J. Hardeman*
Eric J. Hardeman, Esq.